UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JERRY L. GATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19-CV-4201 |
| | ) | |
| GRACE B. HOU, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MERIT REVIEW AND CASE MANAGEMENT ORDER**

The plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he is not provided with an adequate law library because the law library computer is for "viewing only" and he is not allowed to print anything. Plaintiff alleges that access to the computer is limited to not more than 2 hours at a time a few times per month, and that he cannot save anything to a flash drive because the USB ports are disabled on the computers. Plaintiff alleges that the facility does not have legal books, or at least does not have the legal books Plaintiff thinks it should have.

Plaintiff does not have a freestanding right to a law library, and "the mere denial of access to a [facility] law library or to other legal materials is not itself a violation of a [detainee's] rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious [legal claim] has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Plaintiff has not alleged how the circumstances have affected his ability to pursue a valid legal claim, and, therefore, he does not state a claim. *See Harden v. Schroeder*, 772 F. App'x 362, 363 (7th Cir. 2019)(affirming dismissal of access to the courts claim where plaintiff had not alleged harm).

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion to proceed *in forma pauperis* [3] is denied.

2. The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

3. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 18th day of November, 2019

/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE